BRADFORD et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 19, 1907. On Rehearing, April 9, 1907.)

No. 1,570.

1. PUBLIC LANDS—CONSPIRACY—INDICTMENT—"ENTRY" OF PUBLIC LANDS.

In an indictment for conspiracy to defraud the United States by means of a false and fraudulent entry of public lands under the homestead law, the word "entry" may properly be used and construed as applying to any or all of the steps necessary to acquire title under such law.

2. CONSPIRACY—INDICTMENT—AVERMENT OF DATE.

An indictment under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], for conspiracy to defraud the United States, need not aver with exact accuracy the date of the formation or beginning of the conspiracy, nor, if the date is alleged, need it be proved as laid, but it is sufficient if the conspiracy is proved to have existed prior to the commission of the overt act charged, and that it continued to exist at that time.

3. CRIMINAL LAW—LIMITATION—CONSPIRACY.

A prosecution for conspiracy to defraud the United States under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], is maintainable if instituted within three years of the commission of the last, or of any, overt act.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 275.]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Edgar H. Farrar, Frank L. Richardson, and Thos. J. Kernan, for plaintiffs in error.

W. W. Howe, U. S. Atty., and Rufus E. Foster, Asst. U. S. Atty.

Before McCORMICK and SHELBY, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. On April 26, 1906, the plaintiffs in error, James L. Bradford and William H. Wright, were indicted in the United States Circuit Court, at New Orleans, on an indictment containing this count:

"That James L. Bradford and William H. Wright, late of the district and division aforesaid, heretofore, to wit, on the 10th day of December, A. D. one thousand nine hundred and two, in the city of New Orleans, Eastern district of Louisiana, New Orleans division and within the jurisdiction of this court, did combine, conspire, and confederate together and with each other to defraud the United States of the title and possession of large tracts of land in the parish of Ascension, Eastern district of Louisiana, of great value, by means of false, feigned and illegal and fictitious entries of said lands, under the homestead laws of the United States, the said lands being then and there public lands of the United States, open to entry under the homestead laws, at the local land office of the United States in the city of New Orleans, state of Louisiana, by unlawfully, knowingly, and willfully causing and procuring one Joseph D. Lodwick, of the parish of Ascension, to make a false and fraudulent homestead entry of certain public lands of the United States, situated

in the parish of Ascension, state of Louisiana, and subject to entry under the homestead laws of the United States, and to obtain from the United States a patent to said public lands, by means of said false and fraudulent homestead entry, and thereafter to transfer to the said William H. Wright and the said James L. Bradford for the use and benefit of said James L. Bradford and William H. Wright, the title and possession of one-half of the said public lands of the United States entered by the said Joseph D. Lodwick, as aforesaid, the said transfer of one-half of said lands, so entered by the said Joseph D. Lodwick to be made by said Joseph D. Lodwick to the said William H. Wright and the said James L. Bradford, for the use and benefit of the said James L. Bradford and the said William H. Wright, under and in accordance with an unlawful and corrupt agreement, made by the said Bradford and the said Wright and the said Lodwick, whereby the said Joseph D. Lodwick was to transfer one-half of said lands so entered to the said William H. Wright and said James L. Bradford, for the use and benefit of said William H. Wright and said James L. Bradford, for and in consideration of the payment by the said James L. Bradford and the said William H. Wright of all costs and fees for making said entry and for thereafter commuting the same, and of the payment of all costs and expenses incidental to and in connection with the final proof made in support of said entry, and thereafter, to wit, on the 11th day of December, A. D. one thousand nine hundred and two, in the city of New Orleans, Eastern district of Louisiana, and within the jurisdiction of this court, to effect and in pursuance of the objects of said combination, conspiracy, and confederation to defraud the United States out of the title and possession of the lands aforesaid, the said James L. Bradford and the said William H. Wright did unlawfully. knowingly, and willfully file and cause to be filed in the local land office of the United States, at New Orleans, a certain homestead proof which the said James L. Bradford and the said William H. Wright caused and procured the said Joseph D. Lodwick to make and execute before J. F. Fernandez, deputy clerk of the district court of the parish of Ascension, state of Louisiana, an officer authorized under the laws of the state of Louisiana to administer oaths, in support of the said homestead entry of the said Joseph D. Lodwick, being entry No. 18,324, New Orleans Land Office, for the southwest quarter, section twenty-six, township ten south, range three east, southeast district, east of river. containing one hundred, fifty-nine and thirty-two one-hundredths acres (159.32), which said homestead proof contained, among others, the statement that said Joseph D. Lodwick had not sold, mortgaged or contracted to sell the said land, or any part thereof, which statement the said James L. Bradford and the said William H. Wright then and there well knew to be false and fraudulent, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

Bills of particulars were called for and denied. Demurrers, general and special, were interposed to the indictment, which were overruled. The subject-matter of these demurrers was renewed by objections presented at the time the first testimony was offered, which were overruled and exceptions taken. Various objections to the introduction of evidence and to the refusal of the court to admit evidence were taken at the trial. Exceptions were taken to instructions to the jury, given, and refused. The defendants were found guilty, and motion for new trial was made, and refused. Motion in arrest of judgment was made and overruled. The defendants were sentenced and thereafter prosecuted their several writs of error in due form. The errors assigned are substantially the same. We therefore notice only those presented on behalf of the defendant Bradford. Of these, those insisted on in this court resolve themselves into three questions: First. Does the indictment sufficiently and properly describe and set forth any offense against the United States? Second. Was the offense

proven barred by the statute of limitations of three years at the time the indictment was found? Third. Should the defendants have been permitted to show that the lands entered by Lodwick as a homestead were in 1849 and 1850 swamp or overflowed lands, unfit for cultivation, and therefore not the property of the United States, because granted by the United States to the State of Louisiana?

In reference to the first question, we deem it only necessary to say that the indictment substantially follows the lines of Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545, and Wright v. United States, 108 Fed. 805, 48 C. C. A. 37. The first of the cases just cited sufficiently answers the suggestions of counsel in reference to the use of the word "entry" in the technical sense in this indictment. Counsel often indulge in too great refinement of construction. This is not a case where the date of the formation or beginning of the conspiracy must be plead with exact accuracy. It need not be proven that the conspiracy was formed and begun at the date given in the indictment. The essential point is that the conspiracy existed before the date of the overt act alleged, and continued to exist at the time the overt act was committed.

The second question is answered by our announcement just made in another case (No. 1564) between these parties. 152 Fed. 616.

The third question we think is fully answered by the terms of the statutes of 1849 and 1850, to which it refers, and which, in our opinion, show that the proof the defendants sought to make on this subject was properly excluded.

We are of opinion, therefore, that there is no reversible error in the record.

The judgment of the Circuit Court is affirmed.

## On Rehearing.

In this case the plaintiffs in error present applications for rehearing. They do not show any ground therefor that induces us to believe that a rehearing might result in our changing the views announced in the decision of the case heretofore rendered.

The application for rehearing is therefore denied.