BAKER et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1922.)

No. 3809.

1. Conspiracy ☞43(1)—Indictment need not allege exact time or place of conspiracy or of overt acts.

An indictment for conspiracy under Criminal Code, § 37 (Comp. St. § 10201), need not allege the exact time or place of the conspiracy or of the overt acts, where the facts alleged are sufficient to show an offense not barred by time and within the jurisdiction of the court.

2. Conspiracy ☞43(12)—Proof of place of conspiracy held not essential.

Under an indictment for conspiracy, based on Criminal Code, § 37 (Comp. St. § 10201), an allegation that the conspiracy was formed within the district need not be proved, where it is alleged and proved that overt acts were committed within the district.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal ·prosecution by the United States against G. R. Baker and others. Judgment of conviction, and defendants bring error. Affirmed.

Certiorari denied 43 Sup. Ct. 248, 67 L. Ed. ——.

Wallace Miller, of Macon, Ga., for plaintiffs in error.

John W. Bennett, U. S. Atty., and E. Clem Powers, Sp. Asst. U. S. Atty., both of Macon, Ga., and D. M. Parker, Sp. Asst. U. S. Atty., of Waycross, Ga.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error were convicted on each of the five counts of the indictment after demurrers thereto had been overruled. The sentence imposed upon each of them was such as could have been imposed on a proper conviction under any one of the counts.

[1] It is contended that each count of the indictment was subject to demurrer on grounds assigned, to the effect that the allegations thereof as to time and place of forming or entering into the alleged conspiracy are so vague and indefinite as to fail to apprise the defendants of the charge against them with the required degree of certainty, and that no date of the commission of the alleged crime is set forth. The first count charged (the names of the indicted persons being omitted in copying):

"That heretofore, to wit, at divers times within three years prior to the finding of this indictment, and at divers places within the Western division of the Southern district of Georgia, and within the jurisdiction of this court, the precise times and places being to the grand jurors unknown, the following named persons, to wit: * * * and others to the grand jurors unknown, did unlawfully, wickedly, and feloniously conspire, confederate, and agree together unlawfully and feloniously to embezzle, steal, purloin, take, and carry away goods, wares and merchandise, property of the United States, and to accept, take, receive, and dispose of such goods, wares and merchandise, knowing the same to have been unlawfully and feloniously embezzled, stolen, and purloined, said goods, wares, and merchandise then and there being transported by the United States and in its possession upon a certain transportation system, to wit, the American Railway Express Company, which said transportation system theretofore was taken over by the United States under and by virtue of a certain proclamation of the President of the United States issued on the 16th day of November. in the year 1918. and which said American Railway Express Company then and there was being operated under the control of and in the possession of the United States, whereby the United States had a special property in the said goods, wares, and merchandise, which the said above named defendants did conspire, confederate, and ‚agree‘ together to embezzle, steal, purloin, take, and carry away, and to take, receive, and dispose of; the said unlawful conspiracy being carried out and effectuated in the following manner that is to say. . * * *"

The above-quoted part of the count was followed by allegations that named defendants were express messengers, that other named defendants were engaged in various capacities in operating the trains, that other named defendants were agents in charge of the offices of the express company "at various points," that other named defendants were "engaged in various lines of business at different places," allegations as to what those comprising each described group of conspirators were

to do, and allegations of the commission, "in pursuance of the conspiracy and to effect the object thereof," "on or about" dates named, of described overt acts by named defendants, each of such named dates being in the fall of 1919.

The word "theretofore" in the above-quoted allegation as to the transportation system of the American Railway Express Company being taken over by the United States plainly had reference to the time of the previously alleged conspiring, with the result of giving to the quoted allegations the effect of charging that the alleged conspiring was done after such transportation system was taken over under and by virtue of the President's proclamation issued on November 16, 1918. We think that the quoted allegations clearly import that the alleged conspiracy was entered into after November 16, 1918. In effect the count charged that at divers times prior to the finding of the indictment and after November 16, 1918, and at divers places within the Western division of the Southern district of Georgia, the precise times and places being to the grand jurors unknown, the persons named entered into a described conspiracy, and that, in pursuance of said conspiracy and in order to effect the object thereof, named defendants, on or about stated dates, and within the division named, committed described overt acts; the allegations of the overt acts clearly importing that when each of them was committed the previously alleged conspiracy was in existence.

So far as the count's averments of time and place are concerned, it is enough that they show that the alleged conspiracy was formed after the transportation system of the named express company was legally taken over by the United States, and that thereafter the crime was consummated by the commission, at or about times alleged and in the division named, of described overt acts, to effect the object of the alleged conspiracy, by a party thereto; it not being necessary to allege the exact time when, or the exact place where, the alleged conspiring was done, the doing by a conspirator of an overt act to effect the object of the conspiracy being required to complete the offense charged. Brown v. Elliott, 225 U. S. 393, 32 Sup. Ct. 812, 56 L. Ed. 1136; Hyde v. United States, 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; 25 Stat. 1096. There was such particularity of allegation, as to time and place and in other respects, as to fully apprise the defendants of the charge made against them, and to enable them to plead the judgment in bar to a future prosecution for the same offense. The first count was not subject to demurrer on any ground assigned.

As the judgment rendered was one that could properly be rendered under that count alone, it is not necessary to determine whether the other counts were or were not subject to the demurrers interposed to them. The record shows that after the court sustained a demurrer to an application by the defendants for a bill of particulars, which application the record does not set out, the defendants orally requested the court to require the government to inform the defendants by bill of particulars on what date the government would contend at the trial the conspiracy as charged in the indictment was formed, and that the de-

285 F.—2

fendants excepted to the court's denial of that request. It may be assumed that the just-mentioned oral request was but a repetition of the previously made application which the court had ruled on, which ruling is not presented for review. Furthermore, the prosecution was not required to prove on what date the alleged conspiring was done; the indictment alleging, "the precise times and places being to the grand jurors unknown." It was enough to prove that a conspiracy as alleged existed between defendants when an overt act was committed as alleged. The denial of the request mentioned was not error.

[2] After the case was submitted to the jury, on their request as to whether or not the time and place of the transaction would be essential, the court stated to them as follows:

"Now, with reference to the time and place, it must appear either that the conspiracy was formed in the Western division of the Southern district of Georgia, or if it were formed elsewhere that some overt act tending to effect the object of the conspiracy was performed in the Western division of the Southern district of Georgia.

"Now, as to the particular time and place, if it occurred within the statute of limitations, it is all that is required; but, as the conspiracy is alleged to have occurred within the statute of limitations, the proof relied upon by the government is for acts occurring subsequent to the proclamation of the President taking over the transportation system, which is the 16th of November, 1918, and the end of the six months period, which was September 1, 1920. It is not necessary for you to find that it was committed in any particular place, other than, of course, in the Western division of the Southern district of Georgia. Is there any other question?

"Juror: We understand the time would have to be between November 8, 1918, and September 1, 1920?

"The Court: Yes. If there is nothing further, you may retire."

The defendants excepted to the just-quoted instructions—

"on the ground that, as each count of the indictment charged that the conspiracy was formed and entered into by the defendants on trial, or some of them, in the Western division of the Southern district of Georgia, this was an essential allegation of the indictment, and must be proven as alleged, in order to convict any of the defendants, and a conviction could not be supported by proof that the conspiracy was formed outside of the Western division of the Southern district of Georgia, and an overt act committed in pursuance thereof within the Western division of the Southern district of Georgia."

The exception is not sustainable. As overt acts alleged and proved gave jurisdiction for trial, the allegations as to where the conspiracy was formed were not required to be proved, as those allegations were not essential, so far as the jurisdiction of the court in which the indictment was found and tried is concerned. Hyde v. United States, 225 U. S. 347, 367, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614.

The record shows no reversible error. The judgment is affirmed.