### POPE et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. May 28, 1923. Rehearing Denied July 2, 1923.)

No. 2974.

1. **Criminal law ⬅1054(1), 1056(2)—Statute requiring judgment without regard to technical errors does not obviate necessity of exceptions.**

Act Feb. 26, 1919, amending Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), so as to require appellate court to give judgment after examination of the entire record without regard to technical errors, construed as not affecting the rules of procedure in the trial of causes requiring the noting of exceptions to the court's rulings on evidence and to instructions to the jury.

2. **Indictment and information ⬅86(2)—Indictment not charging place of conspiracy, but laying overt acts within district of trial, held sufficient to convey jurisdiction.**

The counts of an indictment charging conspiracy to violate the National Prohibition Act, in which the charging part of each count omitted to allege the place where the alleged conspiracy was committed, was not defective, where the overt acts were laid within the district in which the indictment was found, and therefore brought the offenses within the jurisdiction of the trial court.

3. **Conspiracy ⬅43(12)—Variance between allegation of indictment as to date and proof held immaterial.**

In a prosecution for conspiracy to violate the National Prohibition Act, a variance between the allegation of the date of the sale of liquor and the proof of the date of such sale was immaterial.

4. **Criminal law ⬅427(2)—Declarations of co-conspirator not admissible, until conspiracy and membership of defendant shown.**

Before the declarations of an alleged co-conspirator can be admissible, the conspiracy must be shown, and it must also be shown that the defendant, against whom the evidence was offered, was a party to such conspiracy.

5. **Conspiracy ⬅47—Evidence held insufficient to warrant conviction.**

In a prosecution for conspiracy to violate the National Prohibition Act, evidence falling short of proving participation *held* insufficient to warrant verdict against one of the alleged conspirators.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Criminal proceedings by United States against August Pope and others. From a judgment of conviction, defendants bring error. Affirmed as to all defendants except Freda Pope, and as to her reversed and remanded for new trial.

John C. Bane and B. B. McGinnis, both of Pittsburgh, Pa., for plaintiffs in error.

Walter Lyon, U. S. Atty., and George V. Moore and Arthur W. Henderson, Sp. Asst. U. S. Attys., all of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The plaintiffs in error (defendants below) were tried and convicted on five counts of an indictment charging them with the possession and sale of liquor in violation of the National Prohibition Act, 41 Stat. 305, and with conspiracies, first, to sell liquor in violation of the National Prohibition Act and, second, to defraud the United States in violation of sections 600a, 604, 620 of title 6, chapter 18 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, §§ 5986e, 5986j, 6114*l*).

The record brought here by this writ of error is unusual in that of the twelve assignments of error relied on but one is supported by an exception noted and allowed. Except this one, all refer to questions which were not raised at the trial.

The case apparently was tried upon a theory which involved the studied omission of objections and exceptions. No criticism is made of this method of defense; but, having lost in the trial court, the defendants now seek to re-try the case in this court upon an altogether different theory—one open to them below but closed to them here—wherein they raise questions of the invalidity of counts for insufficient disclosure of jurisdiction and insufficient averment of facts, of unlawful conviction under laws impliedly repealed, unlawful conviction for lack of evidence and because of unlawful evidence procured by an invalid search warrant, as well as questions involving the propriety and the correctness of certain of the court's instructions in its charge—all without objections made and exceptions allowed.

[1] To overcome these legal impediments to their claimed right of what is in effect an original trial in an appellate court, the defendants rely upon section 269 of the Judicial Code, as amended February 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246). This section provides that:

"On the hearing of any * * * writ of error * * *, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

The record before the court was made, in part, by the defendants. The court has no power to change it. It includes the omission by the defendants to raise questions properly to be raised, considered and decided in the orderly progress of a trial, where, in the theory of legal procedure, an opportunity is afforded litigants to raise questions of law affecting their rights and the duty to hear, consider and decide them is imposed upon the trial judge. We do not construe section 269 of the Judicial Code, as amended, as destroying all the rules of procedure in the trial of causes or as doing away with the need of objecting to offers of evidence and noting exceptions to the court's rulings and to its instructions in the charge on which to base a writ of error. Any other construction of this section would allow a defendant to

speculate on a verdict. It would allow him to try his case before a jury upon one theory, and, losing there, it would permit him to re-try his case before an appellate court upon another theory, and thus destroy the distinctive functions of trial and appellate courts. This, of course, is repugnant to the policy of the law in general, and, we think, it is repugnant as well to section 269 of the Judicial Code. Landsberg v. San Francisco & P. S. S. Co. (C. C. A.) 288 Fed. 560.

While we have considered all the questions insufficiently assigned as error, we feel called upon, for considerations which will presently appear, to discuss but two.

The first has to do with the jurisdiction of the trial court which, it is claimed, is not disclosed by two of the counts. As courts are always alert in matters of jurisdiction, we take notice of this question of our own motion.

[2] The defendants maintain that two counts charging conspiracies are defective in that, failing to state the place in which the alleged conspiracies were entered into, they fail to disclose the court's jurisdiction. Admittedly the charging part of each count is silent as to the place of conspiracy, but the overt acts of each conspiracy are laid within the district in which the indictment was found and, therefore, the offense comes within the jurisdiction of the trial court, under authority of Hyde v. United States, 225 U. S. 347, 367, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614, and Brown v. Elliott, 225 U. S. 392, 401, 32 Sup. Ct. 812, 56 L. Ed. 1136. Being a matter of jurisdiction and not a matter affecting notice to the accused, this rule is distinguishable from the rule of criminal pleading which prescribes that the charging part of a count must alone set forth the conspiracy and that its disclosure cannot be aided by the averment of overt acts. Rulovitch v. United States (C. C. A.) 286 Fed. 315.

[3] Next; the defendants claim a variance between the allegation of the date of the sale of liquor and proof of the date of the sale. This matter (objection having been made, the evidence admitted and an exception allowed to the court's ruling), is properly before us. We resolve the question adversely to the defendants on authority of Rinker v. United States, 151 Fed. 755, 756, 757, 81 C. C. A. 379 and cases cited.

The remaining assignment of error to which we shall address discussion alleges a lack of evidence to sustain the conviction of any of the defendants. This question, like most of the others, is not properly before this court. No motion for a directed verdict of acquittal was made at the trial. The question was raised, however, on a motion for a new trial; but the defendants' effort to found this assignment of error on the court's refusal of the motion is, of course, abortive. Yet we are cognizant that when a plain error has been committed the court is at liberty to correct it, although the question may not be properly raised. Wiborg v. United States, 163 U. S. 632, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289; Rule 11 of C. C. A. 3d (224 Fed. vii, 137 C. C. A. vii). We are also aware that in a criminal case when it plainly appears there is no evidence whatever justifying conviction, this court can so hold, despite the failure to request an instruction of acquittal.

Williamson v. United States, 207 U. S. 425, 452, 28 Sup. Ct. 163, 52 L. Ed. 278; Clyatt v. United States, 197 U. S. 207, 25 Sup. Ct. 429, 49 L. Ed. 726. With this in mind we have read the record. We find ample evidence to sustain the conviction of August Pope, Henry Pope and Leo Pope. As to Freda Pope, the case is different. The only evidence offered to implicate her in any of the crimes charged by the indictment is that of a detective who, talking over a telephone with someone whom he thought was Freda Pope, arranged for the purchase of liquor at the hotel maintained by her father with the aid of her brothers, the codefendants. The detective was not acquainted with her, had never seen her and did not know her voice. Whether the other person on the telephone was Freda Pope all the witness could say was that "they said it was Freda." When the detective went to the hotel to buy liquor pursuant to his telephone conversation, he asked for Freda. Leo, the brother, called her and a voice came back saying that she was busy. Whose voice it was does not appear. Clearly, this evidence, without more, proves nothing.

[4] In addition there was testimony by another detective who stated that Leo Pope told him whenever he wanted whisky to come to the hotel and if he was not there "to see Freda, August or his brother." This statement of Leo cannot implicate Freda. Up to this time there was no testimony that Freda was a party to the conspiracy. Before the declaration of Leo, an alleged conspirator, can be admissible against Freda, an alleged co-conspirator, existence of the conspiracy must be shown; and it must also be shown that the alleged co-conspirator, against whom the evidence is offered, was a party to such conspiracy. Stager v. United States, 233 Fed. 510, 147 C. C. A. 396; 16 Corpus Juris, 647, 648. Whatever inference may be drawn from Leo's remark, it cannot, in the state of the evidence, affect Freda.

[5] Nor was Freda present at this conversation. Her business about the hotel was the care of the kitchen and dining room, the purchasing of supplies and the placing of insurance. On the stand she contradicted all the testimony offered against her. While it is intimated that her behavior at the trial was far from pleasing, she was being tried not for bad manners but for very serious offenses against the law. We find no evidence that she took part in any of them and therefore we find no evidence that sustains her conviction.

We affirm the judgment against August Pope, Henry Pope and Leo Pope, and reverse it as to Freda Pope with the direction that she be awarded a new trial.