## UNITED STATES v. BOCKOL et al.

(District Court, D. Delaware. December 31, 1924.)

No. 1.

**Conspiracy ⊙⟹43(6)—Indictment for conspiracy to unlawfully possess liquors held sufficient.**

An indictment for conspiracy to unlawfully possess intoxicating liquor containing more than one-half of 1 per centum of alcohol by volume and fit for beverage purposes *held* sufficient to charge an offense.

Criminal prosecution by the United States against John L. Bockol and others. On demurrer to third count of indictment. Overruled.

David J. Reinhardt, U. S. Atty., of Wilmington, Del.

Aaron Finger, of Wilmington, Del., for defendants.

MORRIS, District Judge. The defendants stand charged by the three counts of the indictment found against them with conspiring "to unlawfully transport," "to unlawfully possess and transport," and "to unlawfully possess" intoxicating liquor containing more than one-half of 1 per centum of alcohol by volume and fit for use for beverage purposes. The defendants have demurred to the third or last-mentioned count, upon the ground that it does not appear therefrom that the act which the defendants are alleged to have conspired to do or commit was or is an offense or crime under the laws of the United States. In support of their demurrer the defendants rely upon U. S. v. Illig, 288 F. 939, 945 (D. C.), Hilt v. U. S., 279 F. 421 (C. C. A.), and U. S. v. Dowling, 278 F. 630 (D. C.). The district attorney points out that the count of the indictment demurred to follows the language of the like count in Rulovitch v. U. S., 286 F. 315 (C. C. A. 3). He relies upon that case, and upon Zucker v. United States, 288 F. 12 (C. C. A. 3), Schliefer v. United States, 288 F. 368 (C. C. A. 3), Pope v. United States, 289 F. 312 (C. C. A. 3), Remus v. United States, 291 F. 501 (C. C. A. 6), and United States v. Jones, 298 F. 131 (D. C.).

The defendants, while conceding that the Rulovitch Case would be controlling, had the point here raised been there presented, contend that the point was not there presented, and that hence the case is not here pertinent. It is clear, however, that an indictment in the language of the count here demurred to was there upheld. It is likewise made clear from the record and briefs in the Pope Case that the fifteenth count of the Pope indictment was substantially in the same language as the "possession" count of the Rulovitch indictment and the third count of the indictment under consideration. The briefs disclose that the precise point here presented was urged before the Court of Appeals and that in support thereof the Hilt and the Dowling Cases were cited. It is true that the point presented here was not discussed or expressly passed upon in the opinion in Pope v. U. S., 289 F. 312 (C. C. A.), but the court did say: "While we have considered all the questions insufficiently assigned as error, we feel called upon, for considerations which will presently appear, to discuss but two"—and the indictment was not held to be defective. The Rulovitch Case was cited with approval in the Zucker and the Schliefer Cases, in each of which the issue was whether the indictment sufficiently charged a crime.

In view of the foregoing facts, I think that the conclusion cannot be escaped that the Circuit Court of Appeals has not only held that a count of an indictment in the language of the count demurred to is valid, but also that it is valid, notwithstanding the point here urged to show invalidity.

The demurrer must be overruled.