### SHOOK et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 15, 1925. Rehearing Denied January 29, 1926.)

No. 4626.

1. **Criminal law** ☞427(5)—**Evidence of corpus delicti held sufficient to render admissible statements of defendants.**

In prosecution for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), evidence of co-operation or concert of action of defendants in possession and control of liquor *held* sufficient proof of corpus delicti to warrant admission of evidence of statements made by defendants.

2. **Conspiracy** ☞45—**Circumstantial evidence is admissible to prove conspiracy.**

Circumstantial evidence is admissible to prove conspiracy.

3. **Criminal law** ☞823(4)—**Charge in prosecution for conspiracy to violate National Prohibition Act held not erroneous.**

In prosecution in Southern district of Mississippi for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), charge, "if defendants * * * met in New Orleans, and there decided or agreed that they would buy whisky, * * * and that they would transport it to the state of Illinois, and through the state of Mississippi, possessing it, then they would be guilty, * * *" *held* not erroneous, when considered with another part of charge, to effect that defendants would be guilty if they agreed in Louisiana to possess intoxicating liquor, and in pursuance of that agreement possessed it in Mississippi.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

A. R. Shook and another were convicted of conspiracy to violate the National Prohibition Act by unlawfully possessing intoxicating liquor, and they bring error. Affirmed.

Chas. W. Crisler, of Jackson, Miss., and Howard L. Doyle, of Decatur, Ill., for plaintiffs in error.

E. E. Hindman, U. S. Atty., of Jackson, Miss.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error were convicted under an indictment charging them with conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) by unlawfully possessing intoxicating liquor, to wit, whisky; the overt act alleged being that they had in their possession and under their control 340 quarts of whisky.

[1, 2] There was testimony to the effect that the accused came together to Brookhaven, Miss., in an automobile which contained in the back of it 340 quarts of whisky, one of them driving the automobile, and the other having the keys to the part of it containing the liquor, and that they stated that they came from Decatur, Ill., and that while they were in New Orleans, playing the races, they decided they would get them a load of liquor and take it back home with them. It is contended that the court erred in admitting evidence of statements made by the accused, in the absence of proof of the corpus delicti. The record does not show that any objection was made to the introduction of that evidence. Furthermore, the evidence of the co-operation or concert of action of the accused in the possession and control of the liquor furnished support for a finding that they had agreed or conspired to do so; circumstantial evidence being admissible to prove conspiracy. 12 Corpus Juris, 633.

[3] The accused excepted to the following part of the court's charge to the jury: "If the defendants in this case met in New Orleans and there decided or agreed that they would buy whisky, or that either one of them would buy it, and that they would transport it to the state of Illinois and through the state of Mississippi, possessing it, then they would be guilty of the crime as charged in the indictment." The just quoted part of the charge is to be considered in connection with another part of it, to the effect that the jury should find the accused guilty of the offense charged, if they believed from the evidence beyond a reasonable doubt that they agreed in Louisiana to possess intoxicating liquor and in pursuance of that agreement possessed it in Mississippi. When so considered, the quoted

part of the charge hypothesized an agreement between the accused to possess the whisky in Mississippi, and the charge as a whole showed that both the alleged agreement and the alleged overt act in pursuance of it had to be proved to warrant a verdict of guilty. The entering into such an agreement and the doing of the alleged overt act in pursuance of it made the accused guilty of the offense charged; all the evidence as to possession of the whisky by the accused showing that such possession was unlawful. The giving of the quoted part of the charge was not reversible error.

As there was evidence tending to prove that the accused were guilty of the offense charged, the court did not err in refusing to instruct the jury to find in their favor.

The judgment is affirmed.