## PEARLMAN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 13, 1927.

No. 5058.

**1. Indictment and information ⟨⟩10—Grand jury held justified in finding that conspiracy existed before commission of overt act charged in indictment as first overt act (National Prohibition Act, tit. 2, § 3 [Comp. St. § 10138½aa]).**

In prosecution for conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), evidence before grand jury *held* sufficient to warrant finding that conspiracy existed before commission of overt act charged in indictment as being first overt act, as against contention that indictment was defective, because overt act charged was itself the act on which government relied as proof of conspiracy.

**2. Conspiracy ⟨⟩24—No formal agreement is necessary to constitute "conspiracy."**

To constitute an unlawful "conspiracy," no formal agreement is necessary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

**3. Conspiracy ⟨⟩43(12)—Even if evidence of first overt act in conspiracy was evidence of existence of conspiracy, there was no variance, where indictment charged subsequent overt acts (National Prohibition Act, tit. 2, § 3 [Comp. St. § 10138½aa]).**

Even if evidence of first overt act in conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), charged in indictment, was not itself evidence of the formation of the conspiracy, there was no variance between pleading and proof, where indictment set up other overt acts alleged to have been committed several months later in pursuance of the conspiracy.

**4. Indictment and information ⟨⟩176—Date alleged in indictment for conspiracy need not be proved as laid, but it is sufficient if conspiracy is shown to exist before commission of overt act charged.**

Accuracy of allegation as to time or place is not of the essence of the offense in charging conspiracy in an indictment, and date alleged need not be proved as laid; but it is sufficient if conspiracy is shown to have been in existence prior to the commission of an overt act charged in indictment.

**5. Indictment and information ⟨⟩184—It must affirmatively appear that persons other than those named in indictment were known to grand jurors, to establish variance.**

To establish variance, in that indictment charged that there were persons in conspiracy whose names were to the grand jurors unknown, while in fact other names than those stated were known to grand jurors, it must affirmatively appear in evidence that such persons were known to grand jurors.

20 F.(2d)—8

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Barney Pearlman was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Emmons, Lusk & Bynon, of Portland, Or., for plaintiff in error.

George Neuner, U. S. Atty., and Millar E. McGilchrist, Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The first count of the indictment charged that "on June 1, 1925, the real and exact date of which is unknown to the grand jury, and continuously at all times thereafter," the plaintiff in error and Wiley, Frink, and Holman conspired to violate section 3, tit. 2, of the National Prohibition Act (Comp. St. § 10138½aa), in that they would buy, sell, barter, transport, keep, possess, and deal in intoxicating liquors, and it alleged three overt acts, the first of which was that on or about June 1, 1925, at Portland, Or., the plaintiff in error made arrangements with Holman to have liquor stored at the wareroom of the Holman Transfer Company. The other three counts charged the same defendants with unlawfully and knowingly transporting intoxicating liquor and knowingly and unlawfully having in their possession a quantity of intoxicating liquor. Holman pleaded guilty. Frink does not appear to have been arrested. Wiley was acquitted under the instruction of the court, and the plaintiff in error was convicted on all the counts.

It is assigned as error that the court denied the motion of the plaintiff in error for a directed verdict of acquittal as to the first count, on the ground of a fatal variance between allegations and proof, in that the indictment alleged that the conspiracy was formed at a time and place unknown to the grand jury, whereas the proof showed that both the time and place were known, and it is contended that, although the indictment charged the formation of a conspiracy prior to the commission of the first overt act, it was that overt act itself which the government relied upon for proof of conspiracy, as to which it is said that there was no proof, other than the evidence of the arrangement made between Holman and the plaintiff in error in June, 1925, which is set forth as the first overt act, and it is contended that

the overt act required to constitute conspiracy must be a subsequent independent act following the completed agreement and done to carry it into effect.

[1, 2] Conceding it to be true that a subsequent independent act following the conspiracy is necessary to constitute the commission of that offense (United States v. Richards [D. C.] 149 F. 443; Bradford v. United States [C. C. A.] 152 F. 617; Wilson v. United States [C. C. A.] 275 F. 307, 314), there are two answers to the contention of the plaintiff in error. In the first place, the grand jury had before it the evidence that some time in June or July, 1925, the plaintiff in error went to the Holman Transfer Company's warehouse and made an agreement with Holman for the storage of liquor in the warehouse, and told Holman that he would bring a man down to the warehouse and show him where to put the liquor, and that another man (who was known only as Roy) would come and get the liquor and haul it away, and evidence that shortly after the conversation the plaintiff in error did bring a man to the warehouse and show him where to put the liquor, and that Roy did thereafter from time to time haul the liquor from the warehouse. From those facts the grand jury might properly have assumed that, at the time when the plaintiff in error first approached Holman, he either had liquor in his possession or had made arrangements to obtain it and transport it, and that the man who was to bring the liquor and the man who was to haul it away were already associated with him in the scheme. To constitute an unlawful conspiracy no formal agreement is necessary. Lawlor v. Loewe, 235 U. S. 522, 35 S. Ct. 170, 59 L. Ed. 341; "In fact the crime is almost always a matter of inference deduced from the acts of the persons accused, which are done in pursuance of an apparent criminal purpose." 5 R. C. L. 1065.

[3] In the second place, even if it be assumed that the evidence of the first overt act is in itself the evidence of the formation of the conspiracy, it does not follow that there was variance between pleading and proof, for the indictment sets up a second and a third overt act, alleged to have been done about six months thereafter, in pursuance of the conspiracy, namely, that on or about December 21, 1925, Holman did receive and store a quantity of intoxicating liquor in the wareroom of the Holman Transfer Company, and that on or about December 28, 1925, Wiley, Holman, and the plaintiff in error possessed a quantity of intoxicating liquor intended by them to be used for beverage purposes in violation of the National Prohibition Act.

[4] As to the contention that there was fatal variance, in that the indictment alleged that the exact date of the formation of the conspiracy was unknown to the grand jurors, and that there were persons in the conspiracy whose names were unknown, whereas in fact the grand jurors knew the time of the formation of the conspiracy and the names of the persons engaged therein, it is sufficient to say that, while there was no proof of the precise date of the formation of the conspiracy, we think it may be assumed from the evidence that it was formed at some time prior to the day on which the plaintiff in error first interviewed Holman. But in any event accuracy of allegation as to time or place is not of the essence of the offense in charging conspiracy. Nor in a case where the date is alleged is it necessary to prove it as laid. It is sufficient if the conspiracy is shown to have been in existence prior to the commission of an overt act charged. Bradford v. United States (C. C. A.) 152 F. 617; Pope v. United States (C. C. A.) 289 F. 312; Baker v. United States (C. C. A.) 285 F. 15.

[5] Nor do we find that the grand jurors knew more than the indictment stated of the names of persons involved in the conspiracy. It was not shown upon the trial who it was that brought the liquor to the warehouse, or who it was that took it away. As Judge Taft said, in United States v. Riley (C. C.) 74 F. 210, 212: "It must appear affirmatively in proof that they were known to the grand jury, before that can be used as a reason for asserting a variance."

The judgment is affirmed.