## STACK et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 25, 1928.

No. 5433.

1. Conspiracy ☞47—Evidence held sufficient to support conviction of owner and cashier of café for conspiracy to possess and sell liquor and maintain common nuisance (Pen. Code, § 37 [18 USCA § 88]; National Prohibition Act [27 USCA]).

Evidence *held* sufficient to support conviction for violating Penal Code, § 37 (18 USCA § 88), in entering into conspiracy to possess and sell intoxicating liquor and to maintain common nuisance, in violation of National Prohibition Act (27 USCA), as to defendants, who were owner and cashier of café where liquor was sold.

2. Conspiracy ☞47—Evidence held insufficient to support conviction of cook in café for conspiracy to possess and sell liquor and maintain nuisance (Pen. Code, § 37 [18 USCA § 88]; National Prohibition Act [27 USCA]).

Evidence *held* insufficient to support conviction for violating Penal Code, § 37 (18 USCA § 88), in entering conspiracy to possess and sell intoxicating liquor and maintain common nuisance, in violation of National Prohibition Act (27 USCA) as to defendant who was cook in café where liquor was sold.

3. Conspiracy ☞24—Formal agreement is unnecessary to constitute unlawful conspiracy.

No formal agreement is necessary to constitute unlawful conspiracy.

4. Conspiracy ☞47—Conspiracy may be proved by overt acts.

Conspiracy may be and often is proven by overt acts.

5. Conspiracy ☞45—Circumstantial evidence is admissible to prove conspiracy.

Circumstantial evidence is always admissible to prove conspiracy.

6. Conspiracy ☞47—Rule that evidence of conspiracy must show something further than mere participation in offense is inapplicable, where evidence shows defendant's deliberate and intentional course of action.

Rule that evidence to warrant conviction of conspiracy must show something further than merely participating in offense which is object of conspiracy is inapplicable to case in which evidence shows deliberate and intentional course of action during considerable period, in which all persons accused of conspiracy are actuated by common purpose and assist one another in carrying on business in violation of law.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

John J. Stack and others were convicted of conspiracy to possess and sell intoxicating liquor and to maintain common nuisance, in violation of National Prohibition Act, and they bring error. Reversed, with directions as to defendant Joseph Gallati; otherwise, affirmed.

Charles H. Miller, of Seattle, Wash., for plaintiffs in error.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The plaintiffs in error, hereinafter named the defendants, were convicted of violation of section 37 of the Penal Code (18 USCA § 88) in entering into a conspiracy to possess and sell intoxicating liquor and to maintain a common nuisance in violation of the National Prohibition Act (27 USCA).

It is assigned as error that the trial court refused to instruct the jury that they should not consider the testimony concerning the possession and sales of liquor, for the reason that the evidence did not connect the defendants with any unlawful agreement, combination, confederation, or conspiracy; also that the court denied the defendants' motion for a directed verdict of acquittal.

[1, 2] There was testimony that the defendant Marcell was the owner of the Venice Café and that Stack was his cashier and Galletti was his cook. There was testimony that the prohibition officer, Purvis, bought in the café two cups of moonshine, described as "coffee royal," from the defendant Marcell, and saw him put the money in the cash register and ring it up, and that in the following month the witness was in the café, standing

by the cash register, and saw the prohibition agents, Bell and Bywater, go into one of the booths behind green curtains and saw the waiter bring them two cups. Bell testified that, accompanied by Bywater, he went into the café and asked Stack for liquor, and that the latter caused the liquor to be brought by Galletti after they had been placed in a booth, and that the money for the drinks was paid to Stack, who placed the same in the cash register and rang it up. Bell testified further that on another occasion he bought a bottle of liquor from Stack in the presence of the other two defendants, and that the liquor was handed to Stack by one of the other defendants. The testimony tended to show that all of the defendants participated in the sale of intoxicating liquors in the Venice Café at different times during the months of February and March, 1927. .

[3, 4] The defendants insist that there was no evidence of an agreement or conspiracy between them, either to sell intoxicating liquors, or to commit the acts which would constitute the maintenance of a nuisance. But it is well settled that no formal agreement is necessary to constitute an unlawful conspiracy. "In fact, the agreement is almost always a matter of inference, deduced from the acts of the persons accused, which are done in pursuance of an apparent criminal purpose." 5 R. C. L. 1065; 12 C. J. 632. A conspiracy may be and often is proven by the overt acts. Said the court in Fisher v. United States (C. C. A.) 2 F.(2d) 843, 846: "The fact that two men are found together breaking into a bank is indubitable proof that they had agreed to commit the burglary." It is sufficient if the evidence shows such a concerted action in the commission of an unlawful act, or other facts and circumstances from which the inference naturally arises that the unlawful overt act was in furtherance of a common design, intent and purpose of the alleged conspirators. Calcutt v. Gerig (C. C. A.) 271 F. 220, 27 A. L. R. 543; Davidson v. United States (C. C. A.) 274 F. 285; Keith v. United States (C. C. A.) 11 F.(2d) 933.

[5, 6] Circumstantial evidence is always admissible to prove conspiracy. Shook v. United States (C. C. A.) 10 F.(2d) 151. The defendants cite authorities to the proposition that in order to warrant conviction of conspiracy, the evidence must show something further than merely participating in the offense which is the object of the conspiracy, and we may concede that the proposition is sustainable as applied to cases in which

the participation falls short of affirmatively and expressly aiding and abetting in the commission of the offense, or cases in which the participation is susceptible of a construction consistent with the innocence of the accused. But it cannot be said to apply to a case in which the evidence shows a deliberate and intentional course of action during a considerable period of time, in which all the persons accused of conspiracy are actuated by a common purpose and assist one another in carrying on a business in violation of the law. In Allen v. United States (C. C. A.) 4 F.(2d) 688, 691, it was said: "A conspiracy may be established by circumstantial evidence or by deduction from facts. The common design is the essence of the crime, and this may be made to appear when the parties steadily pursue the same object, whether acting separately or together, by common or different means, but ever leading to the same unlawful result."

We think that the evidence was sufficient to go to the jury on the charge of conspiracy as to the defendants Marcell and Stack. As to the defendant Galletti, we think it is too meager to justify belief beyond a reasonable doubt that he was a party to the unlawful enterprise. Accordingly, as to him the judgment is reversed, with directions to grant a new trial; as to the other two, it is affirmed.