### FOREMAN v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
October 22, 1928.

No. 8067.

Ben Cravens and Fadjo Cravens, both of Ft. Smith, Ark., for plaintiff in error.

S. S. Langley, U. S. Atty., and W. N. Ivie, Asst. U. S. Atty., both of Ft. Smith, Ark.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This writ of error is brought to reverse the judgment of conviction in a conspiracy case, the conspiracy being charged as one "to commit offenses against the laws of the United States," and contains two counts. The only one involved here reads, as follows:

"And the grand jurors aforesaid, on their oath aforesaid, do further present, that the said Pearl Williams Foreman, Ed Foreman, Sherman Raney and John Wilson on and prior to the 15th day of October, in the year 1926, in the said division of said district, and within the jurisdiction of said court, unlawfully and feloniously did conspire together and with each other and with other persons to the grand jurors unknown to commit offenses against the United States of America by then and there unlawfully possessing, transporting and selling intoxicating liquors for beverage purposes in violation of the National Prohibition Act (27 USCA), and also to engage in the business of retail liquor dealers without having paid the special tax required by law, in the city of Fort Smith, Sebastian county, Arkansas, as alleged and set forth in count one of this indictment and incorporated herein by reference as fully as if set out herein."

The question raised is whether there were two offenses included in this count. In our opinion there was but one, namely, the offense of conspiracy. The fact that the conspiracy was to do two or more things, or to commit two or more offenses, does not make the count duplicitous. There was a single controversy. This has been passed upon by this court in John Gund Brewing Co. v. United States, 206 F. 386, and Allen v. United States, 4 F. (2d) 688.

Another question is whether the indictment was sufficiently definite. The exact time and place of the conspiracy were not stated, but this is not necessary. See Brown v. Elliott, 225 U. S. 392, 32 S. Ct. 812, 56 L. Ed. 1136, and Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas.

1914A, 614, as to place, and Ware v. United States, 154 F. 583, 12 L. R. A. (N. S.) 1053, 12 Ann. Cas. 233, Bradford v. United States (C. C. A.) 152 F. 617, and United States v. McKinley (C. C.) 127 F. 170, as to the question of time.

The third point made is that the law of section 3242, R. S. (26 USCA § 191), relating to retail and wholesale liquor dealers was not in force, but was repealed by the National Prohibition Act. Even if it were so repealed, as contended, it was revived by the Willis-Campbell Act of November 23, 1921 (U. S. C. tit. 27, § 3; 27 USCA § 3).

We think there is no merit in any of the errors assigned and the judgment, therefore, must be affirmed.