## GOODE et al. v. UNITED STATES.
### No. 9319.

Circuit Court of Appeals, Eighth Circuit.
April 16, 1932.

Rehearing Denied May 18, 1932.

Fred W. Coon' and Harold E. Marshall, both of Kansas City, Mo., for appellants.

William L. Vandeventer, U. S. Atty., George H. Hubbell and S. M. Carmean, Asst. U. S. Attys., all of Kansas City, Mo.·

Before STONE, KENYON, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

. In this case appellants were jointly indicted, with certain other parties not tried with them, in an indictment of one count, charging a conspiracy to commit offenses against the National Prohibition Act, it being charged that they, with others, did sell and possess certain intoxicating liquor, to wit, whisky fit for and intended for use as a beverage, at 6915½ Independence road, Jackson county, Mo.; that, pursuant to said unlawful conspiracy and agreement, they thereafter committed certain overt acts consisting of eight sales of whisky, enumerated as having been made on eight different dates at the place described. This indictment was filed June. 3, 1930. On November 6, 1930, the Assistant United States District Attorney filed an information against the same persons named in the indictment, charging them with the maintenance of a common nuisance at the place described in the indictment, it being charged that at the place mentioned intoxicating liquor intended and fit for beverage purposes, to wit, whisky, was sold, possessed, kept, and bartered, in violation of the National Prohibition Act. The appellants will be referred to as defendants.

On November 6, 1930, defendant Goode was arraigned on the indictment and entered a plea of not guilty. At that time his attorney was advised by counsel for the government that, in addition to the indictment, the government would file an information charging defendants with maintaining a common nuisance, and this information was accordingly filed November 6, 1930. At that time, by an order made in open court, the cases were consolidated. On November 12, 1930, defendant Ham entered his plea of not guilty, and on November 13, 1930, the consolidated cases were brought on for trial; both of the defendants appearing by the same counsel. Defendants moved for a severance of the causes, which motion being denied, they made an oral motion for a continuance, which was also denied. The causes then proceeded to trial. At the close of all the testimony, defendants moved for a directed verdict on each of the charges, which motions the court overruled, and verdicts of guilty as

to both defendants on both charges were returned by the jury.

From the sentence and judgment entered on these verdicts, defendants have appealed. As grounds for reversal they urge: (1) That the court erred in denying their motion for continuance; (2) that the court erred in overruling their objections to the admission in evidence of Government's Exhibits 6, 7, 8, 9, and 10; and (3) that the court erred in denying their motion interposed at the close of all the testimony for a directed verdict of not guilty.

 In support of their claim that they were entitled to a continuance of the cases, it is urged that, while the indictment was returned in June, 1930, defendant Goode was not arraigned thereon until November 6, 1930, and the information was not filed until November 6, 1930, and the cases were brought on for trial November 13, 1930. In this state of the record it is urged that, as to the charge contained in the information, they had not had sufficient time or opportunity for preparing their defense. First, it should be noted that no showing by affidavit or otherwise was made to the court to the effect that the defendants could not reasonably prepare for trial, nor was there any application made requesting time within which to prepare a showing in support of the application for a continuance. There was, therefore, nothing before the court on which its discretion might properly have been exercised. Applications for a continuance are addressed to the sound judicial discretion of the trial court, and that court's rulings upon such motions will not ordinarily be reversed, unless it clearly appears that the court abused its discretion, or that a manifest injustice has been done the defendant. Isaacs v. United States, 159 U. S. 487, 16 S. Ct. 51, 40 L. Ed. 229; Hardy v. United States, 186 U. S. 224, 22 S. Ct. 889, 46 L. Ed. 1137; Clapp v. United States (C. C. A.) 18 F.(2d) 906; Callahan v. United States (C. C. A.) 195 F. 924; Myers v. United States, (C. C. A.) 223 F. 919. The cases were not brought on for trial until November 13, and on November 6 counsel who appeared for both defendants was advised that this information would be filed. The charge contained in the information referred to the same place as that contained in the indictment, and the evidence supporting the conspiracy charge, with the overt acts specified in the indictment, was the same evidence relied upon as supporting the charge contained in the information. There was no abuse of discretion.

 The premises described in the indictment and information constituted a two-story building owned by defendant George W. Goode and his wife. On the second floor of this building were some twelve rooms, a sleeping porch, and a bathroom. These rooms were divided into some three apartments; the bathroom being used in common by all tenants. Defendant Goode rented out the rooms on the second floor, excepting several rooms which he had reserved since January 1, 1930, for storage and other purposes. On the night of his arrest, Goode went into one of these rooms to conceal some money which he had on his person. In connection with this arrest, the premises were searched pursuant to a search warrant, and Government's Exhibits 6, 7, 8, 9, and 10 were found in these rooms occupied by Goode at the time of his arrest. These exhibits consisted of statements relative to gas service in this building, receipts for payments for furniture, notice as to sewer tax levy, receipt for thirty cases of Country Club Special, and other similar statements. A witness testified that the exhibits were all found in rooms occupied by defendant Goode. No motion was made to suppress this testimony as having been improperly secured, and, when the exhibits were offered, they were objected to on the ground that "there is no evidence before the court and jury as to what they are; no evidence before the court and jury (that) this witness knows what they are; no evidence before the court and jury (that) this defendant Goode even occupied those premises." The objection was overruled and the defendants excepted. After the exhibits had been introduced and their substance read to the jury, counsel for defendants again objected as follows: "I want a record in this, if the Court please; the defense objects to the introduction of these papers because there is no evidence of what they are; the witness' statements are just mere conclusions."

No motion was made to strike out the testimony, and this objection was overruled. It is now argued that proper foundation was not laid for the admission of these exhibits, that they were not properly identified, and that they were hearsay. However, no such objections were interposed, and, had they been, we may assume that proper foundation might have been laid, the exhibits might have been properly identified, and the alleged defects might have been remedied by proper proof. Counsel must here rely upon the objections made in the lower court. Quite aside from this question of practice, we are clear that the testimony was admissible. It tended to show the ownership, control, and maintenance of the property described in the in-

dictment, and Exhibit 10 referred to the purchase of various soft drinks found and evidently in use in connection with the sale of intoxicating liquor on these premises. In so far as they tended to prove the ownership of and dominion over the property, their admission could not be said to have been prejudicial to defendant Goode, because he later went upon the witness stand and admitted that the premises were owned by himself and wife, and the ownership was also admitted in his answer in an injunctional suit, which was placed in evidence by the government. There is, therefore, no basis for defendants' contention that the court committed prejudicial error in admitting these exhibits.

It remains to consider the contention that the court erred in denying defendants' motion for a directed verdict of not guilty. The offense charged in the indictment is an unlawful agreement or conspiracy to violate the National Prohibition Act, and on that charge it was necessary to prove that both defendants participated in the unlawful agreement. The agreement need not be in any particular form, but it is sufficient that the minds of the parties met understandingly. A mutual implied understanding is sufficient so far as the combination or confederacy is concerned; and, in fact, the agreement is generally a matter of inference, deduced from the acts of the persons accused, which are done in pursuance of an apparent criminal purpose. It is not necessary to prove that the defendants actually agreed in terms to adopt the unlawful purpose and to pursue it by common means. A conspiracy is rarely susceptible of proof by direct evidence, but must be proved by circumstantial evidence. It may be deduced from the conduct of the parties and the attending circumstances. Babb v. United States (C. C. A.) 27 F.(2d) 80; Shook v. United States (C. C. A.) 10 F.(2d) 151; Murray v. United States (C. C. A.) 10 F.(2d) 409; Marrash v. United States (C. C. A.) 168 F. 225; Stack v. United States (C. C. A.) 27 F.(2d) 16; Pearlman v. United States (C. C. A.) 20 F.(2d) 113.

The evidence showed without dispute that defendant Goode and his wife owned the property, and that Goode occupied certain of the rooms on the second floor during all the time covered by the indictment. In another room intoxicating liquor was being dispensed at retail by defendant Ham and certain other of the defendants; the proof as to the overt acts charged in the indictment being overwhelming. From the frequency of the visits of the government agents to these premises, it is clear that the prohibition law was being openly, continuously, and notoriously violated on this second floor. Goode was present and witnessed violations of the law on his premises. There were unusual crowds of persons collected there at the times the government witnesses visited the premises. The rooms which Goode retained were being used for the purpose of storing liquor, which was being supplied to customers through Ham, John Goode, defendant Goode's brother, and others. Defendant Goode was present when defendant Ham was carrying whisky and alcohol along the hallway, and he was present when some of the violations charged in the indictment were committed. At the time of Goode's arrest, he went into one of these rooms to conceal $750 in money which he had on his person. The government exhibits were found in his rooms; a five-gallon jug containing whisky, and a pitcher containing a gallon of alcohol were found in his rooms. The government witnesses who visited these premises at the time of the commission of the overt acts charged in the indictment observed Goode in and about the premises on various occasions. On one occasion he was observed standing in the doorway of one of the rooms from which defendant Ham was seen carrying a pitcher of whisky, and in which room a five-gallon jug containing whisky and a pitcher containing alcohol were found at the time of the search. Defendant Goode personally witnessed sales of liquor on these premises and personally observed the crowds of people collected there at various times.

From these proved facts and circumstances, the jury was warranted in finding as a fact that a conspiracy between these defendants existed, as charged in the indictment, and the court properly denied the motion for a directed verdict. The judgment appealed from is therefore affirmed.