## 214

### UNITED STATES v. FARRINGTON et al.
### No. 8958.

District Court, M. D. Pennsylvania.

June 25, 1935.

Arthur A. Maguire, Acting U. S. Atty., of Scranton, Pa., for the United States.

Abram Salsburg, of Wilkes-Barre, Pa., and Andrew B. Dunsmore, of Wellsboro, Pa., for defendants.

JOHNSON, District Judge.

This case comes before the court on a petition for a bill of particulars.

The defendants were indicted under a single count for conspiracy, based on section 37 of the Criminal Code, 18 USCA § 88.

The petitioner, Prince D. Farrington, in a petition for a bill of particulars, in behalf of himself and the other defendants, prays that this court direct the United States Attorney to furnish the petitioner a bill of particulars that will inform him:

"1. What overt acts, if any, which your petitioner committed in order to effect the object of conspiracy, together with the dates, the time and place and such other information as the government intends to charge petitioner and each of said defendants, with reference to each and every particular overt act the government will charge the defendants upon the trial with having done or committed.

"2. The specific dates where and when the said defendants entered into the unlawful combination as set forth in the first and only count, together with all such manner of things which the United States of America intends to prove at the trial of this indictment against each and every defendant."

The indictment charges that throughout a period of time, the beginning whereof is unknown to the grand jurors and therefore not set forth and continuing up to and including the 14th day of November, 1934, and within a period of three years prior to the finding of the indictment, at Nippenous township, Lycoming county, Pa., and within the jurisdiction of this court, the defendants did conspire in the manner therein set forth; that the defendants, in pursuance of the conspiracy and during the continuance thereof, did commit certain overt acts. The indictment then sets forth 16 overt acts which are shown to have been committed within the jurisdiction of the court, and during the existence of the conspiracy. Many of the overt acts are specifically shown to have been committed at a designated time and place.

Upon careful consideration of the indictment the court is of the opinion that it is sufficiently specific as to the overt acts, the time and place of their commission; and the time and place of the commencement of the conspiracy. See Bradford v. U. S. (C. C. A.) 152 F. 617; Baker v. U. S. (C. C. A.) 285 F. 15; Goldberg v. U. S (C. C. A.) 297 F. 98; Woitte v. U. S. (C. C. A.) 19 F.(2d) 506. In U. S. v. Seidman et al. (D. C.) 45 F.(2d) 178, 179, District Judge Watson said of a similar indictment: "The government should not be required to specify the particular time and place of the formation of the conspiracy. Speaking generally, the government can have no knowledge of that, and to require it to specify the particular time

and place and limit the proof to that time and place would defeat nearly all prosecutions under the act. I am satisfied that the indictment and the overt acts sufficiently fix the time and place of the formation of the conspiracy, and that it was entered into within the jurisdiction of the court." See, also, Rubio v. U. S. (C. C. A.) 22 F. (2d) 766. To require the government to set forth in addition such other information as it intends to charge the defendants with reference to each overt act and such things that it intends to prove at the trial would be to require it to make a complete disclosure of its entire case. Such is not the function of a bill of particulars. Rubio v. U. S. supra.

For the reasons above stated, the court is of the opinion that the indictment informs the defendants sufficiently to enable them to prepare their defense, and that therefore the petition for a bill of particulars should be dismissed.

And now, June 25, 1935, the petition for a bill of particulars is dismissed and the rule discharged.