## PERNATTO v. UNITED STATES.

### No. 6841.

Circuit Court of Appeals, Third Circuit.

June 7, 1939.

Anthony A. Calandra, of Newark, N. J., for appellant.

John J. Quinn, U. S. Atty., of Trenton, N. J., and W. Orvyle Schalick, of Salem, N. J.

Before MARIS, CLARK, and THOMPSON, Circuit Judges.

MARIS, Circuit Judge.

Joseph Pernatto has appealed from the judgment of the District Court for the District of New Jersey upon his conviction with others of a charge of conspiracy to violate the laws relating to the distillation and taxation of alcohol. His principal contention is that the evidence introduced at the trial was not sufficient to support the verdict of guilty rendered in his case. The evidence introduced by the Government disclosed these facts:

Anthony LaManna, Joseph Rifice, John Lardiere and others had entered into a conspiracy to set up stills in Atlantic County, New Jersey, for the illicit production of alcohol. The stills were actually set up in the rural parts of the county but the business was largely directed from the Quaker State and American garages in Atlantic City where LaManna, the active head of the conspiracy, made his headquarters. In carrying on the operations it was necessary to secure large quantities of coke, sugar and yeast. The coke was purchased from the Bennett Coal Company and the yeast from the Federal Yeast Corporation. These supplies were transported to the stills by Rifice and Lardiere by truck. The sugar and yeast were first delivered to one of the garages mentioned very late at night and were there transferred to trucks operated by the conspirators and taken out to the stills the same night.

The appellant Pernatto frequented the garages mentioned although his ostensible

business was elsewhere. He was there not only in the daytime but also at night when the operations of the conspiracy were being directed there by LaManna and he was constantly seen in conversation with LaManna and other conspirators. It was testified that he was seen at night in the back part of the garage where the truck was being loaded and that he and LaManna would stay around the garage until three or four o'clock in the morning, talking with others who came around during the night.

Although arrangements for the purchase of coke were made by LaManna, Walter B. Cramer, Treasurer of the Bennett Coal Company from which it was purchased, testified that occasionally Pernatto would pay him for it, stating that LaManna had left the money for him. Clarence R. Milligan, branch manager in Atlantic City of the Federal Yeast Corporation, testified that both LaManna and Pernatto at various times purchased yeast from him which was delivered to the garages mentioned usually late at night. He first met Pernatto at the garage when making one of these deliveries. Sometimes LaManna paid for the yeast and sometimes Pernatto. A large part of it was indicated by his records as having been sold to Pernatto. The orders were usually telephoned to him after midnight. He admitted on cross-examination that as to the orders which came in by telephone he could not definitely say whether the person ordering was LaManna or Pernatto. He did say that Pernatto ordered some of it, however.

The evidence to which we have referred was amply sufficient to support a finding that a conspiracy existed as charged in the indictment, in the course of which overt acts had been committed. In our opinion it was also sufficient to sustain a finding that Pernatto was a member of that conspiracy. The jury was fully justified in inferring a tacit agreement on his part from his conduct in frequently consorting with the conspirators at their headquarters and from his acts in purchasing and paying for coke and yeast which he must have known was being delivered surreptitiously in direct furtherance of the object of the conspiracy. Goode v. United States, 8 Cir., 58 F.2d 105. It follows that the court below committed no error in refusing to direct a verdict in his favor.

The appellant further complains that the court erred in permitting the Government attorney to exhibit to two witnesses while they were testifying written statements previously made by them without having first shown that their memory was exhausted or that he was surprised by their testimony. The use of such a statement to refresh the recollection of a witness would appear to be permissible, however (Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.1914-A, 614), and in any event the action was not so prejudicial to the defendant as to require a reversal.

Finally the appellant contends that the testimony of the witness Milligan was rendered incompetent by his admission on cross-examination that he could not distinguish telephone voices and that it should, therefore, have been stricken out. We see no merit in this contention. His admission did not affect his positive testimony to the effect that Pernatto had on some occasions personally ordered yeast from him nor did it affect his testimony that Pernatto had paid for a quantity of yeast which had been delivered to the garage headquarters of the conspiracy. The credibility of his testimony was clearly for the jury.

The judgment is affirmed.